IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MICHELLE BAILEY,**

    **Plaintiff,**

v.                                      Case No. 3:11-cv-00407

**CABELL COUNTY COMMISSION,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (ECF No. 26). Although the time permitted for a response by Defendant has not yet expired, the Court finds sufficient information in the documents of record to dispose of the motion without further briefing or argument.

Plaintiff filed this civil action in the Circuit Court of Cabell County, West Virginia on April 7, 2011. Defendant removed the case to federal court on June 8, 2011 (ECF No. 1). On August 8, 2011, the Honorable Robert C. Chambers, United States District Judge, entered a Scheduling Order, which included a discovery deadline of July 13, 2012 (ECF No. 5). Plaintiff served the Defendant with Interrogatories and Requests for Production of Documents on September 6, 2011 (ECF No. 8), and Defendant responded to the discovery on October 21, 2011 (ECF No. 9). These responses are the subject of Plaintiff's Motion to Compel. A review of the Court's docket indicates that the discovery deadline has not been extended

by the presiding district judge, and the parties have submitted no stipulations pertaining to the responses in dispute.

L.R. Civ. P. 37.1(c) provides that "[m]otions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order." *See Local Rules of Procedure,* United States District Court for the Southern District of West Virginia, amended June 30, 2011. Based upon this rule, a motion to compel answers to Plaintiff's Interrogatories and Requests for Production of Documents should have been filed no later that November 9, 2011.[1] Accordingly, Plaintiff's motion to compel is untimely.

Unlike some of this District's Local Rules, Rule 37.1(c) does not expressly permit a party to escape application of the waiver provision "for good cause shown."[2] Nevertheless, courts have on occasion overlooked a party's technical failure to comply with Rule 37.1(c) when warranted by the circumstances. *See, e.g., Mordesovitch v. Westfield Insur. Co.,* 235 F.Supp.2d 512, 518 (S.D.W.Va. 2002) (For purposes of efficiency, the court considered the merits of an untimely motion to compel given that the discovery deadline had been extended). However, this case does not fall within that category. Although Defendant answered the discovery in October 2011, Plaintiff made no effort to communicate

---

[1] The Local Rules indicate that the date on which discovery responses and objections are due is the "time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to FR Civ P 29, whichever governs." L.R.Civ. P. 37.1(a). In this case, the Federal Rules of Civil Procedure governed because the scheduling order did not address the issue and the parties did not file a stipulation pursuant to Rule 29.

[2] For example, L. R. Civ. P. 37.1(a) provides that objections to discovery requests not timely filed are deemed waived "unless otherwise ordered for good cause shown."

the perceived inadequacies of the responses until March 12, 2012, more than four months after expiration of the deadline for filing a motion to compel. Another five months passed before the motion was filed; thus, the motion was presented to the Court nine months past due and nearly one month after the close of discovery. Consequently, the circumstances of this case simply do not justify dispensing with the waiver provision.

Wherefore, for the forgoing reasons, the Court **DENIES** Plaintiff's Motion to Compel. The Clerk is instructed to provide a copy of this Order to all counsel of record.

It is so **ORDERED.**

**ENTERED:** August 10, 2012.

Cheryl A. Eifert
United States Magistrate Judge